

# CRONIN & BYCZEK, LLP

*Attorneys and Counselors at Law*

**Fountains at Lake Success**
**1983 Marcus Avenue • Suite C-120**
**Lake Success, New York 11042**
(516) 358-1700 • Facsimile (516) 358-1730
E-Mail: Info@cblawyers.net

LINDA M. CRONIN
CHRISTOPHER S. BYCZEK*

DOMINICK REVELLINO
ROCCO G. AVALLONE**

CHRISTOPHER F. BELLISTRI
SUSAN PENNY BERNSTEIN

*MEMBER OF NY AND FL BAR
**MEMBER OF NY AND CT BAR

OF COUNSEL
CHET P. LUKASZEWSKI

July 27, 2012

<u>Via ECF</u>

Honorable Margo K. Brodie
Unites States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:    **Alves v. City of New York, et al**
           <u>**Docket No. 11-0676 (MKB)(MDG)**</u>

Your Honor:

      We represent the Plaintiff in the above-referenced matter, and write in objection to Defendants' request for a pre-motion conference in anticipation of filing a motion for summary judgment on the grounds that there are too many outstanding significant issues of fact in dispute for this matter to be resolved by summary judgment.

      Plaintiff, a black male, holds the position of Deputy Sheriff Level I in the New York City Department of Finance.  Plaintiff has established that he has been treated differently than similarly-situated white Deputy Sheriffs in that he has been assigned the responsibility and tasks of a supervisor or sergeant without having received the title or salary.  Plaintiff; has been given work assignments based upon his race.  Defendant Burdman repeatedly told Plaintiff that, as a Black man, Plaintiff was uniquely qualified to work in the projects and minority areas known as "hot beds" (the most dangerous assignments).  Defendants' own official study validated this claim, the study revealed that Plaintiff was assigned between 65% and 70% of the time in "hot bed" areas, a significantly higher rate than similarly-situated white officers.  Defendants' pretextual explanation that Plaintiff was assigned to these areas because it was close to his residence, does not withstand scrutiny.  Assignments are not made based upon proximity to residence; he has been subjected to involuntary transfers, threats of punitive transfers, stricter scrutiny, unfair discipline and subject to ridicule and embarrassment by being called derogatory names, including references to his mental stability.  When Plaintiff complained about the

Honorable Margo K. Brodie
Unites States District Judge
United States District Court
Eastern District of New York
July 27, 2012
Page 2 of 2

discrimination and hostile work environment he was retaliated against by being involuntarily transferred out of the unit.

It is undisputed that work assignments, involuntary transfers, and stricter scrutiny may have an adverse effect on the terms and conditions of employment and thereby creating a hostile work environment. In this case Plaintiff was subjected to a continuous pattern and practice of disparate treatment which was so severe and pervasive as to alter the terms and conditions of his employment.

Plaintiff has a viable claim of First Amendment retaliation. Plaintiff's job duties and responsibilities did not include monitoring of citizens avoiding taxation on cigarette sales. Plaintiff reported Defendant Burdman's illegal activities, helping citizens avoid New York City taxes on cigarettes, as a concerned citizen, he was not acting pursuant to his official duties.

Plaintiff respectfully requests that for the above-stated reasons, specifically, that there are significant issues of fact in dispute that are not appropriate to be resolved by summary judgment, that Defendants' request be denied in its entirety.

The Court is thanked in advance for your consideration of this request.

Yours truly,

Rocco G. Avallone

RGA:lal
cc: Jamie Zinaman, Esq.
    Assistant Corporation Counsel (via ECF)